UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 19-161 |
| v. | * | SECTION: "I" |
| NATALIE BARTON | * | |

\* \* \*

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO RECONSIDER (REC. DOC. 52)**

**NOW INTO COURT** comes the United States of America, represented herein by the undersigned Assistant United States Attorney, who respectively requests that this Honorable Court deny defendant's Motion to Reconsider (Rec. Doc. 52).

**PROCEDURAL BACKGROUND**

On October 15, 2019, defendant filed a motion to dismiss Counts 1, 3, 4, and 5 of the Indictment (Rec. Doc. 41) on two separate grounds: (1) arguing that the definition of "anabolic steroid" in 21 U.S.C. § 802(41) is impermissibly vague; and (2) that those counts reflect an unconstitutional delegation of legislative authority. The government filed its opposition on October 23, 2019 (Rec. Doc. 43), and defendant filed a reply on October 25, 2019 (Rec. Doc. 46.) On November 21, 2019, the Court denied defendant's motion in its entirety. (Rec. Doc. 51.) On December 2, 2019, defendant filed her motion to reconsider the Court's order. (Rec. Doc. 52.)

**ARGUMENT**

*Defendant Has Not Established a Manifest Error in Law Justifying Reconsideration*

Defendant's motion should be denied because she has not established a manifest error of law or fact, nor has she presented any newly-discovered evidence, justifying reconsideration. The Federal Rules of Criminal Procedure do not explicitly authorize motions for reconsideration,

although courts have recognized the district court's inherent authority to reconsider its earlier decisions.  *See, United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975); *see also United States v. Fisher*, 60 F.3d 1142, 1143 (5th Cir. 1995).  Motions for reconsideration "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  *United States v. Carter*, No. 12-198, 2015 WL 1897613, at *1 (E.D. La. Apr. 27, 2015) (internal citations omitted) (Vance, J.)  Consequently, there is a "high burden of proof on the party seeking reconsideration in order to discourage litigants from making repetitive arguments on issues already considered."  *Id.* (citing *United States v. Salinas*, 665 F.Supp.2d 717, 720 (W.D. Tex. 2009) (internal quotations omitted).

As an initial matter, in her motion, defendant does not present any newly discovered evidence, and therefore, the only potential basis for reconsideration would be a manifest error of law.  Here, defendant makes two arguments in support of her motion to reconsider.  First, she requests that she "add as a ground for the void for vagueness doctrine, that the term 'substantially similar' is unconstitutionally vague because there is no consensus within the scientific community to establish a test which determines structural similarity." (Rec. Doc. 52, at 1.)  Defendant already made a similar argument in her original motion, which was rejected by the Court.  (Rec. Doc. 41, at 10) (defense argument that the term "substantially similar" and "related" renders DASCA vague).  Defendant does not raise any new legal theory or argument in her motion to reconsider to suggest that the Court's order was erroneous, let alone a manifest error of law.

Defendant's second ground for reconsideration is a "disagree[ment]" with the Court's holding that both DASCA and the Analogue act "instructed courts to treat a category of substances – known as 'analogues'" as a controlled substance.  (Rec. Doc. 52, at 1.)  While defendant may disagree with the Court's holding, she has not established that the Court committed a manifest

2

error in law.  Indeed, defendant did not cite any authority in her motion to reconsider, and instead, her motion is comprised of "repetitive arguments on issues already considered."  Defendant's motion to reconsider, therefore, should be denied.

*Defendant's Arguments Lack Merit*

Defendant's two arguments are also devoid of merit.  First, defendant has submitted no authority for her contention that there is no scientific consensus regarding whether two compounds are structurally similar.  On the contrary, the government provided as an exhibit to its memorandum in opposition laboratory results from SMRTL, which described how the substances relevant to this case are chemically similar to one or more listed anabolic steroids.  (Rec. Doc. 43, at Exh. B.)  For example, SMRTL found that 2,17-dimethylboldenone, one of the substances sold by defendant, is structurally similar to methandienone, a listed anabolic steroid, the only difference being that 2,17-dimethylboldenone has a methyl group at position 2 while methanedienone does not.  (*Id*. at 10.)  Even where "experts disagree as to whether the chemical structure of one drug is substantially similar to a controlled substance," courts have rejected vagueness challenges and recognized that the issue is one for the jury.  *United States v. McKinney*, 79 F.3d 105, 108 (8th Cir. 1996), vacated on other grounds by 520 U.S. 1226 (1997).  Here, however, there is no such disagreement.  The only scientific evidence in this case demonstrates that the substances sold by defendant are anabolic steroids after the passage of DASCA.

Second, although defendant complains that this case involves substances that were "never listed by Congress in Schedule III nor were they publicly listed by the Attorney General," this Court correctly held that no such requirement exists.  Both DASCA and the Analogue Act use "the identical definitional term 'substantially similar,' as well as a reference to the substance's effects, to proscribe their respective category of controlled substances."  (Rec. Doc. 51, at 7.)  The Fifth

3

Circuit has rejected vagueness challenges to the Analogue Act, and as this Court noted, defendant has not provided any reason why DASCA and the Analogue Act should be distinguished.  (*Id.*)  Moreover, the Supreme Court has held that the specific scienter requirements of the Analogue Act, which the government submits would apply to DASCA as well, "alleviates vagueness concerns." *McFadden v. United States*, 135 S.Ct. 2298, 2307 (2015).  Even assuming that there could exist some vague applications of DASCA, as the Court recognized (and as the defendant has failed to address), the statute is not unconstitutionally vague as applied to defendant because she "was aware that she and E.B. were engaging in prohibited conduct through the distribution of anabolic steroids and that she knew the identity of the substances she distributed."  (Rec. Doc. 51, at 11.)

Finally, defendant's "public notice" argument is unsupported and meritless.  There is no requirement that the DEA or any other law enforcement agency notify all potential manufacturers or distributors of the legal status of analogue anabolic steroids.[1]  *Cf. United States v. Fisher*, 289 F.3d 1329, 1336 n. 11 (11th Cir. 2002) ("Failure to specifically identify a substance as a controlled substance is of no consequence.")  Indeed, such notice would be impossible to provide given the "creativity of amateur chemists," *cf. United States v. Hofstatter*, 8 F.3d 316, 322 (6th Cir. 1993), and in any event, such a requirement would defeat the purposes of DASCA, cf. *United States v. Way*, No. 1:14-cr-00101-DAD-BAM, 2018 WL 2229272, at *7 (E.D. Cal. May 16, 2018) (requiring a list of analogue substances would "undermine the purpose of the Analogue Act, which 'was to prohibit innovative drugs *that are not yet listed* as controlled substances'") (emphasis in

---

[1] Notably, defendant was in fact provided with notice that her activities were illegal in this case during a meeting with at the United States Attorney's Office.  Despite receiving such warnings, she continued to engage in illegal conduct.  Consequently, defendant's protestations that a lack of "public notice" renders DASCA vague is somewhat ironic when she received the exact notice of which she now complains.

Moreover, defendant appeared at this meeting voluntarily, and was in no way "required to meet with law enforcement," contrary to defendant's assertion.  (Rec. Doc. 52, at 3.)

original). Instead, "Congress did not state that distributors of analogues must be warned prior to enforcement of the statute." *Cf. United State v. Washam*, 312 F.3d 926, 932 (8th Cir. 2002).

In sum, defendant has not established that the Court committed a manifest error of law, and in any event, the arguments raised in her motion to reconsider are meritless. Defendant's motion to reconsider should therefore be denied.

WHEREFORE, the United States of America respectfully requests that this Court deny the defendant's motion to reconsider.

> Respectfully submitted,
>
> PETER G. STRASSER
> UNITED STATES ATTORNEY
>
> /s/ Jonathan L. Shih
> JONATHAN L. SHIH
> Assistant United States Attorney
> 650 Poydras Street, Suite 1600
> New Orleans, Louisiana  70130
> Telephone:  (504) 680-3073
> Email:  jonathan.shih@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

> /s/ Jonathan L. Shih
> JONATHAN L. SHIH
> Assistant United States Attorney