# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 19-161 |
| NATALIE BARTON | SECTION I |

## ORDER & REASONS

Before the Court is defendant Natalie Barton's ("Barton") motion[1] for reconsideration of the Court's order[2] denying Barton's motion[3] to dismiss counts one, three, four, and five of the indictment against her. For the following reasons, the motion is denied.

### I.

Barton was charged in a seven-count indictment with conspiracy to distribute and possess with the intent to distribute anabolic steroids, conspiracy to misbrand drugs, multiple counts of distribution of anabolic steroids, and multiple counts of misbranding of prescription drugs.[4] Counts one, three, four, and five charge offenses involving anabolic steroids. Count one charges Barton with conspiracy to distribute and possess with the intent to distribute anabolic steroids, in violation of 21 U.S.C.

---

[1] R. Doc. No. 52.
[2] R. Doc. No. 51.
[3] R. Doc. No. 41.
[4] *See* R. Doc. No. 1. The indictment against Barton also includes a forfeiture provision for any property constituting or derived from any proceeds obtained as a result of the charged offenses, as well as any property used or intended to be used to commit or facilitate the commission of said offenses. *Id.* at 12–13.

§§ 841(a)(1), 841(b)(1)(E)(i), and 846.[5] Counts three, four, and five charge Barton with the distribution of anabolic steroids, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(E)(i), and 18 U.S.C. § 2.[6]

The Designer Anabolic Steroid Control Act of 2014 ("DASCA"), Pub. L. No. 113-260, expanded the scope of the Controlled Substances Act's prohibition on anabolic steroids and added an "analogue provision" for substances that were not specifically listed in the statute. Under DASCA, a drug or hormonal substance not listed in 21 U.S.C. § 802(41)(A) that "is derived from, or has a chemical structure substantially similar to" one or more of a listed anabolic steroid shall be considered to be an anabolic steroid if:

> (I) the drug or substance has been created or manufactured with the intent of producing a drug or other substance that either—
>
>> (aa) promotes muscle growth; or
>>
>> (bb) otherwise causes a pharmacological effect similar to that of testosterone; or
>
> (II) the drug or substance has been, or is intended to be, marketed or otherwise promoted in any manner suggesting that consuming it will promote muscle growth or any other pharmacological effect similar to that of testosterone.

21 U.S.C. § 802(41)(C)(i).

In her motion to dismiss counts of the indictment, Barton argued that counts one, three, four, and five should be dismissed on void-for-vagueness and

---

[5] *Id.* at 8–9.
[6] *Id.* at 11.

nondelegation grounds.[7] Challenging DASCA, Barton contended that the law is unconstitutionally vague because it fails to provide an "ordinary person" with sufficient notice that certain unlisted substances may be considered to be unlawful anabolic steroids.[8] Barton also asserted that the charges against her implicate the nondelegation doctrine because the United States Attorney "both defined the law and prosecuted the case."[9]

The Court denied Barton's motion. After reviewing Barton's arguments and the applicable caselaw, the Court concluded that the law under which Barton is charged in counts one, three, four, and five is not unconstitutionally vague and that the charges against her do not violate the nondelegation doctrine.[10]

## II.

### A.

The Federal Rules of Criminal Procedure do not explicitly authorize "motions for reconsideration," but the United States Court of Appeals for the Fifth Circuit recognizes such motions as legitimate procedural devices in criminal proceedings to petition a court to reconsider its own decision in a case over which it has continuing jurisdiction. *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982) *cert. denied*, 456 U.S. 982 (1982); *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975). The Fifth Circuit construes a motion for reconsideration in a criminal case to be "any request

---

[7] *See* R. Doc. No. 41.
[8] *See* R. Doc. No. 41-1, at 7.
[9] *Id.*
[10] *See* R. Doc. No. 51.

3

. . . that a district court 'reconsider [a] question decided in the case' in order to effect an 'alteration of the rights adjudicated.'" *United States v. Greenwood*, 974 F.2d 1449, 1466 (5th Cir. 1992) (quoting *United States v. Ibarra*, 502 U.S. 1, 7 (1991)). The purpose of such motions is to allow a court to correct its own alleged error. *United States v. Dieter*, 429 U.S. 6, 8 (1976).

A court may deny a motion for reconsideration if the moving party does not present any new information or there are no "new circumstances material to the court's determination." *United States v. Stanford*, 367 F. App'x 507, 509 (5th Cir. 2010). Additionally, a motion for reconsideration does not warrant relief if the moving party fails to demonstrate that any evidence presented in such a motion was newly discovered or previously unavailable. *United States v. Stanford*, 341 F. App'x 979, 984 (5th Cir. 2009). "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Motions for reconsideration should only be granted for "'compelling reasons,' such as a change in the law which reveals that an earlier ruling was erroneous, not for addressing arguments that a party should have raised earlier.'" *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (quoting *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009).

**B.**

Barton asserts two grounds on which the Court should reconsider its prior order. First, Barton "would like to add as a ground for the void for vagueness doctrine" that DASCA is unconstitutionally vague because "there is no consensus within the

4

scientific community to establish a test to determine "substantial structural similarity" between substances.[11] This alleged lack of scientific consensus, according to Barton, results in a lack of "clear notice" under DASCA.[12] Second, Barton "disagree[s] with the Court's characterization" that DASCA and the Analogue Act "instructed courts to treat" analogues as controlled substances.[13] Rather, Barton contends, the law "circumvents" the constitutional requirement of "public notice" for a criminal offense by authorizing "arbitrary" prosecutions for unlawful substances that are not explicitly listed in DASCA.[14]

Barton's arguments do not constitute compelling reasons for the Court to reconsider its prior order. Barton has not presented any new evidence for the Court's consideration or new circumstances that would be material to the Court's determination. Instead, Barton's motion for reconsideration seeks to "add" a supplemental argument in support of her previous motion to dismiss counts of the indictment and also to assert her disagreement with the Court's ruling. Barton has already had the opportunity to present her legal arguments and to reply to the government's opposing arguments.[15] She has not asserted any intervening change in

---

[11] R. Doc. No. 52-1, at 1.
[12] *See id.*
[13] *Id.* at 1–2.
[14] *See id.* at 2.
[15] Indeed, the government provided a scientific expert opinion statement from Dr. Matthew Fedoruk ("Dr. Fedoruk"), Chief Science Officer at the United States Anti-Doping Agency, that explained the chemical analysis of the substances for which Barton is charged. *See* R. Doc. No. 43-1. Based on a review of the laboratory test results, Dr. Fedoruk concluded that "it is extremely likely" that the substances, "if taken in a pharmacological or supra-pharmacological dose by a human (generally milligram doses), due to the *similarities of the chemical structures*, would promote

5

the controlling law that would explain her failure to raise the legal arguments she now presents, nor has she presented any new evidence that may have been previously unavailable. *See Christy*, 739 F.3d at 539; *Dupree*, 617 F.3d at 732.

Alternatively, Barton's arguments do not warrant relief on the merits. Courts have soundly rejected her first contention that the alleged lack of scientific consensus to determine chemical structural similarity renders the statute unconstitutionally vague. *See United States v. Roberts*, 363 F.3d 118, 121 (2d Cir. 2004) (concluding that experts' disagreement on whether a substance's chemical similarity made it a controlled substance analogue did not support a vagueness-as-applied challenge); *United States v. Washam*, 312 F.3d 926, 931 (8th Cir. 2002) (explaining that all experts need not agree on whether two drugs' chemical structures are 'substantially similar' in order to affirm a conviction" involving controlled substance analogues); *United States v. Klecker*, 348 F.3d 69, 72 (4th Cir. 2003) (rejecting a vagueness challenge to a controlled substance analogue prosecution even though the government's and defendant's experts "disagree[d] about whether two molecules have chemical structures that are substantially similar"), *overruled on other grounds by McFadden v. United States*, 135 S. Ct. 2298, 2306 (2015). Moreover, Barton has not

---

muscle growth or otherwise cause a pharmacological and biological effect similar to that of testosterone." *Id.* at 4 (emphasis added). Barton's reply memorandum to the government's opposition did not address Dr. Fedoruk's analysis of the similarities in chemical structures or any alleged lack of "consensus within the scientific community" with respect to this determination. *See United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) ("Motions for reconsideration are not to be used [to] . . . 'allow a party to advance arguments that could and should have been presented to the district court prior to judgment'") (quoting *Iverson v. City of Boston*, 452 F.3d 94, 104 (1st Cir. 2006)).

presented to the Court any change in the law that would render these prior rulings erroneous.

Barton's second argument regarding "public notice" of unlawful substances under DASCA was addressed and denied by the Court in its previous order.[16] As the Court explained, the government's prosecution of Barton pursuant to DASCA does not reflect "arbitrary" enforcement of the law.[17] Although the specific substances for which Barton is being prosecuted are not listed by name in DASCA, it appears that evidence to be introduced by the government will demonstrate that Barton not only knew the identity of the substances she possessed and distributed, she also knew that she was engaging in illegal conduct.[18] *See McFadden*, 135 S. Ct. at 2205 ("A defendant who possesses a substance with knowledge of those features [of a controlled substance analogue] knows all of the facts that make [her] conduct illegal, just as a defendant who knows [s]he possesses [a substance] knows all of the facts that make [her] conduct illegal."). Although Barton may "disagree" with the Court's conclusion, the Court, once again, denies Barton's arguments on the merits.

### III.

Accordingly,

**IT IS ORDERED** that the motion for reconsideration is **DENIED**.

---

[16] *See* R. Doc. No. 51, at 4–5, 12–14.
[17] *See id.* at 4–11.
[18] *See id.* at 8–11.

New Orleans, Louisiana, January 2, 2020.

                                            **LANCE M. AFRICK**
                                     **UNITED STATES DISTRICT JUDGE**