**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 19-161** |
| **v.** | * | **SECTION: "I"** |
| **NATALIE BARTON** | * | |

                                                 *     *     *

## GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING (REC DOC. 59)

**NOW INTO COURT** comes the United States of America, represented herein by the undersigned Assistant United States Attorney, who respectively submits this supplemental memorandum in opposition to defendant Natalie Barton's motion to reopen her detention hearing. (Rec. Doc. 59).

### PROCEDURAL BACKGROUND

Defendant filed the instant motion to reopen her detention hearing on February 7, 2020. (Rec. Doc. 59.) In her motion, defendant contended first that defendant and her "father have reconciled after a long estrangement," and that her father "agrees to assume supervision of her." In addition, defendant alleges that her "state probation officer . . . agrees that Natalie should now be released from custody in order to better assist counsel in preparation of her defense." (*Id.*) The government submitted its response on February 24, 2020, contending that the alleged changed circumstances outlined in defendant's motion were neither new nor material to the issue of detention, and therefore, did not warrant reconsideration pursuant to 18 U.S.C. § 3142(f). (Rec. Doc. 61.) On March 1, 2020, defendant submitted a reply. (Rec. Doc. 68.) There, defendant argued, for the first time: (1) the 18 U.S.C. § 3142(e)(2) presumption in favor of detention did not apply to defendant; (2) defendant has no "prior criminal history;" (3) the Court applied the

incorrect standard of proof with respect to the risk that defendant poses to the safety of the community; (4) defense counsel's enhanced understanding of the statutes applicable in this case constitutes new material informant that justifies reconsideration of detention pursuant to 18 U.S.C. § 3142(f); (5) the defense intends to submit a plan for defendant's "residential treatment at a hospital;" and (6) 18 U.S.C. § 3142(e) is unconstitutionally vague and violates the Eighth Amendment and the Due Process Clause. (*Id.*)

## ARGUMENT

As an initial matter, except for defense counsel's concession that his original representation regarding defendant's state probation officer was inaccurate (*id.* at 4), all of the arguments raised in defendant's reply are new and unrelated to the justifications articulated in the original motion. Generally, "[n]ew claims raised for the first time in a reply memorandum need not be considered by the district court." *United States v. Palazzo*, No. 05-266, 2013 WL 160123, at *2 n.5 (E.D. La. Jan. 15, 2013); *see also United States v. Nunez*, No. 14-284, 2016 WL 3167657, at *2 n.3 (E.D. La. June 7, 2016) (arguments first raised in reply brief are "not properly before the Court" but addressing the merits of the arguments in the interest of "judicial efficiency" because the government has been given a chance to respond). In addition, besides a single quotation from 18 U.S.C. § 3142(f), defendant's reply memorandum does not cite a single legal authority in support of any of these new arguments. However, as described below, because defendant's new arguments lack merit, in the interest of finality, the government addresses each argument in turn.

First, defendant contends that the Court incorrectly applied the presumption under 18 U.S.C. § 3142(e)(2). The government agrees that the § 3142(e)(2) presumption does not apply to defendant. However, the record makes clear the Court's selection of § 3142(e)(2) appears to be a clerical error, and the Court meant to apply the § 3142(e)(3) presumption. Indeed, pursuant to 18

U.S.C. § 3142(e)(2), a rebuttable presumption arises where the defendant (1) was convicted of certain offenses outlined in § 3142(f)(1),[1] (2) the offense was committed while the defendant was on release pending trial for a federal, state, or local offense; and (3) no less than 5 years have elapsed since the prior conviction.  However, under § 3142(e)(3), a similar presumption applies where the instant charge is, *inter alia*, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."  This was the presumption on which the government proceeded.  (Rec. Doc. 61, Exh. A, at 5) ("Mr. Shih: . . . I'll just note that this is a presumption case based on the fact that the Defendant is charged with a Controlled Substance Act violation that carries a penalty of at least ten years.")  At the detention hearing, although defense counsel initially stated that he did "not really" agree that the presumption applied (*id.*), later the defense conceded that "Counts 1, 3, 4, and 5 are what we refer to as DASCA counts. They are controlled substance counts.  The maximum penalty on those is in fact ten years."  (*Id.* at Exh. A, 6.)  Consequently, the government respectfully submits that the presumption in favor of detention applies here, and the Court's apparent clerical error is not a basis to reconsider defendant's detention.

Second, although defendant did not appear to have any prior convictions at the time that she committed the offenses in the indictment, it can hardly be said that she has no "criminal history."  Indeed, defendant concedes that she has been convicted in two separate state cases for fraud-related offenses.  Moreover, defendant's state conviction history was described in the government's memorandum in support of detention (Rec. Doc. 18, at 6-7) as well as the pretrial services report prepared by the United States Probation Office.  The distinction that defendant is attempting to draw between pre-charge and post-charge criminality is immaterial, and in any event,

---

[1] These offense include, crimes of violence, an offense for which the maximums sentence is life imprisonment or death, and certain controlled substance offenses punishable by more than 10 years imprisonment.

is not new information that was unavailable to the defense at the time of the original detention hearing.  Reconsideration of the Court's prior detention order, therefore, is unwarranted.  *See* 18 U.S.C. § 3142(f)(2).

Defendant's contention that the Court applied the wrong standard of proof is without merit. It has been well established since at least 1985 in the Fifth Circuit that the "clear and convincing" standard applies to the judicial officer's finding that "no condition or combination of conditions will reasonably assure the safety of any other person and the community," and that the "simple preponderance" standard applies to the "reasonably assure appearance determination."  *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); *see also United States v. Stanford*, 341 Fed. Appx. 979, 982 (5th Cir. 2009) ("[T]he flight risk determination is made on the preponderance of the evidence standard.").

Additionally, the fact that defense counsel "knows much more about DASCA today" does not warrant reconsideration under § 3142(f).  As discussed in the government's opposition, under § 3142(f), reconsideration is only appropriate where new information "*exists* that was not known to the movant at the time of the hearing."  18 U.S.C. § 3142(f)(2) (emphasis added).  Anabolic steroids have been controlled substances since 1990, and DASCA, which essentially added an analogue provision for anabolic steroids, was passed in 2014.  (*See* Rec. Doc. 51, at 2-3) (describing history of the DASCA and other anabolic-steroid-related statutes).  Defense counsel stated at the original detention hearing that he has represented defendant in this matter since 2016, noting that search warrants were executed at defendant's residence in "June of 2016" and that defense counsel and defendant attended a meeting with the government "and had a full discussion." (Rec. Doc. 61, Exh. A at 6.)  The existence of the statute is not new, nor is defendant or defense counsel's understanding that the government was investigating defendant's violations of DASCA

and the Controlled Substances Act.  Even assuming that an enlightened understanding on the part of defense counsel could form the basis of reconsideration, defendant has not articulated the nature of this new understanding nor the reasons why this understanding is material to the issue of detention.  Indeed, it appears that the only difference between the original detention hearing and today is that defendant's legal challenges to DASCA have been rejected twice by the district court.  (Rec. Docs. 51 & 55) (Orders denying defendant's motion to dismiss counts of the indictment and defendant's motion for reconsideration.)[2]

Defendant also contends that they now have access to medical records and that counsel intends to "present to the Court at the upcoming hearing a plan for [defendant's] residential treatment at a hospital."  No information regarding this plan has been presented to the government, and therefore, the government is not in a position to determine whether such a plan would mitigate the serious risks that defendant poses to the safety of the community as well as the risk of flight.  Notably, however, while the Court invited the defense to "come up with a viable plan for [defendant's] treatment," (Rec. Doc. 61, Exh. A at 53) that invitation was limited to options where the defendant was "not released."  To the extent, therefore, that the defense's plan involves defendant being released on bond, the government would submit that such a plan does not constitute a material change in circumstances or new information that would warrant reconsideration of defendant's detention.

Finally, defendant launches several constitutional attacks on 18 U.S.C. § 3142, including a void-for-vagueness challenge, an Eighth Amendment challenge, and a due process challenge.

---

[2] Defendant's argument that controlled substances scheduled after the passage of the Bail Reform Act cannot trigger the presumption is unsupported and would result in anomalous results.  Indeed, defendant's argument would apply not only to anabolic steroids but also to relatively newly-scheduled controlled substances such as certain fentanyl analogues, which are amongst the most dangerous substances currently distributed by drug traffickers.  *See United States v. McCray*, 346 F. Supp. 3d 363, 368 (W.D.N.Y. 2018) (noting that fentanyl analogues are more powerful than fentanyl and have resulted in numerous drug overdoses).

Notably, defendant did not cite a single case or any authority whatsoever in support of her arguments, nor is there sufficient detail in the reply to determine the basis of these challenges. Nevertheless, vagueness challenges to the Bail Reform Act have been previously rejected in federal courts. *See United States v. Moore*, 607 F. Supp. 489, 494 (N.D. Cal. 1985) (rejecting vagueness challenge based on claimed "conflict between the rebuttable presumption set up in § 3142(e) and the clear and convincing standard set forth in § 3142(f)," noting that the argument "misconstrues the nature of a vagueness challenge to a statute."); *United States v. Payden*, 598 F. Supp. 1388, 1395 (S.D.N.Y. 1984); overruled on other grounds, 759 F.2d 202 (2d Cir. 1985) (rejecting vagueness challenge to Bail Reform Act because the statute "clearly sets forth those offenses that will give rise to a detention hearing."). Moreover, defendant's Eighth Amendment and Due Process arguments have been rejected by the Supreme Court. *See United States v. Salerno*, 481 U.S. 739, 746-755 (1987) ("We are unwilling to say that this congressional determination, based as it is upon that primary concern of every government---a concern for the safety and indeed the lives of its citizens---on its face violates either the Due Process Clause of the Fifth Amendment or the Excessive Bail Clause of the Eighth Amendment."); *see also United States v. Hare*, 873 F.2d 796, 800 (5th Cir. 1989) (defendant's Fifth and Eighth Amendment arguments are "foreclosed by the Supreme Court's decision in *United States v. Salerno*.")

## CONCLUSION

All of the new arguments raised for the first time in defendant's reply brief are meritless and do not warrant reconsideration of detention. Moreover, defendant has not cited any legal authority or any other basis to reconsider the Court's detention order.

**WHEREFORE**, the Government respectfully submits that the defendant's motion should be denied.

Respectfully submitted,

PETER G. STRASSER
UNITED STATES ATTORNEY


*/s/ Jonathan L. Shih*
JONATHAN L. SHIH
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone:  (504) 680-3073
Email:  jonathan.shih@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

*/s/ Jonathan L. Shih*
JONATHAN L. SHIH
Assistant United States Attorney