UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                         CRIMINAL ACTION

VERSUS                                                                              No. 19-161

NATALIE BARTON                                                              SECTION I

ORDER & REASONS

Before the Court is defendant Natalie Barton's ("Barton") motion[1] to dismiss counts two, six, and seven of the indictment. For the following reasons, the motion is denied.

I.

On August 22, 2019, a federal grand jury returned a seven-count indictment against Barton.[2] The indictment alleges that Barton and her husband ("E.B.") marketed and sold anabolic steroids and prescription drugs online and in a physical store located in Metairie, Louisiana, in violation of federal law.[3] As stated in the indictment, neither Barton nor E.B. were practitioners licensed by law to administer

---

[1] R. Doc. No 79.
[2] R. Doc. No. 1. Count one charges Barton with conspiracy to distribute and possess with the intent to distribute anabolic steroids, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(E)(i), and 846. R. Doc. No. 1, at 8–9. Counts three, four, and five charge Barton with the distribution of anabolic steroids, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(E)(i), and 18 U.S.C. § 2. *Id.* at 11. Barton previously moved to dismiss counts one, three, four, and five of the indictment. R. Doc. No. 41. The Court denied that motion, as well as Barton's subsequent motion for reconsideration. R. Doc. Nos. 51 & 55.
[3] *See* R. Doc. No. 1, at 1–8. According to Barton, E.B. passed away on May 17, 2017. R. Doc. No. 85-1, at 4.

1

prescription drugs.[4] The indictment further alleges that Barton and E.B. nevertheless dispensed and sold prescription drugs without prescriptions and without legally-compliant labels, in that they did not include the symbol "Rx only" or adequate directions for use by a layperson, and they lacked adequate warnings against use as necessary for the protection of users.[5] The prescription drugs that Barton allegedly sold consisted of, *inter alia*, tadalafil and sildenafil citrate, which were contained in packages that purportedly bore false and/or misleading labels stating that they were "not for human consumption."[6]

Count two of the indictment charges Barton with conspiracy to misbrand drugs in violation of 18 U.S.C. § 371.[7] Counts six and seven charge Barton with misbranding of prescription drugs in violation of 21 U.S.C. §§ 331 and 333(a)(2), and 18 U.S.C. § 2.[8]

Barton argues that counts two, six, and seven should be dismissed because they fail to state an offense.[9] Asserting that these three counts must allege that the United States is the "victim" of the offense charged or the "victim of a fraud," Barton

---

[4] R. Doc. No. 1, at 6.
[5] *Id.*
[6] *See id.* The indictment alleges that tadalafil, sildenafil citrate, and twelve other substances are known as active pharmaceutical ingredients in prescription drug products approved by the Food and Drug Administration for distribution within the United States. *Id.* at 5–6.
[7] *Id.* at 9–10.
[8] *Id.* at 12.
[9] *See* R. Doc. No. 79-1, at 7–10.

2

contends that the lack of any such allegation in the indictment renders these three counts constitutionally insufficient.[10]

The government argues in response that Barton's contentions lack merit because counts two, six, and seven do not need to contain such allegations to be sufficient.[11] The Court agrees.

## II.

Under Federal Rule of Criminal Procedure 7(c), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). The basic purpose of an indictment is to fairly inform a defendant of the charge against her. *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986). "Generally, an indictment that closely tracks the language under which it is brought is sufficient to give a defendant notice of the crimes with which [s]he is charged." *United States v. Franco*, 632 F.3d 880, 884 (5th Cir. 2011). "An indictment need not list every particular of the offense. Instead, it 'simply needs to allege each element of the crime in a way that allows the accused to prepare his defense and invoke the Double Jeopardy Clause in a subsequent proceeding.'" *United States v. Richard*, 775 F.3d 287, 292 (5th Cir. 2014) (quoting *Franco*, 632 F.3d at 885).

"An indictment is legally sufficient if (1) 'each count contains the essential elements of the offense charged,' (2) 'the elements are described with particularity,' and (3) 'the charge is specific enough to protect the defendant against a subsequent

---

[10] *See id.*
[11] *See* R. Doc. No. 88, at 5, 7.

3

prosecution for the same offense.'" *United States v. Bolton*, 908 F.3d 75, 88 (5th Cir. 2018), *cert. denied,* 140 S. Ct. 47 (2019) (quoting *United States v. Fairley*, 880 F.3d 198, 206 (5th Cir. 2018)). "[T]he test for the validity of the indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Grant*, 850 F.3d 209, 214 (5th Cir. 2017) (quoting *United States v. Fitzgerald*, 89 F.3d 218, 222 (5th Cir. 1996)).

"As a motion to dismiss an indictment for failure to state an offense is a challenge to the sufficiency of the indictment, [the court] [is] required to 'take the allegations of the indictment as true and to determine whether an offense has been stated.'" *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)).

### A. Count Two

*i.*

Count two of the indictment charges Barton with conspiracy to misbrand drugs in violation of 18 U.S.C. § 371.[12] Count two re-alleges and incorporates by reference paragraphs one through thirty-eight of the indictment and further states:[13]

> From on or about a date unknown, but sometime prior to July 10, 2007, until on or about August 22, 2019, in the Eastern District of Louisiana and elsewhere, the defendant, NATALIE BARTON, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to, with the intent to mislead, cause the introduction into interstate commerce drugs

---

[12] R. Doc. No. 1, at 9–10.
[13] "A count may incorporate by reference an allegation made in another count." Fed. R. Crim. P. 7(c)(1).

that were misbranded within the meaning of Title 21, United States Code, Section 352(a), 352(f), and 353(b)(4)(A) in violation of Title 21, United States Code, Sections 331(a), and 333(a)(2), and to dispense prescription drugs without a valid prescription from a licensed practitioner, an act which caused those drugs to become misbranded while held for sale after shipment in interstate commerce, in violation of Title 21, United States Code, Sections 331(k) and 333(a)(2).[14]

Count two also alleges four overt acts committed by Barton and others in furtherance of the conspiracy and to further the objects of the conspiracy.[15] First, on or about June 21, 2016, Barton, E.B., and others constructively possessed quantities of sildenafil, tadalafil, and vardenafil at a location in Mandeville, Louisiana.[16] Second, on or about February 9, 2017, an email was sent from puritysolutionscs@gmail.com stating, "We are now accepting donations through a Go Fund Me campaign temporarily to get credit card payments through until other means are integrated."[17] Third, on or about February 15, 2017, Barton caused a package containing tadalafil and sildenafil to be shipped from an address in Mandeville, Louisiana to an address in Metairie, Louisiana.[18] And fourth, on or about April 20, 2017, Barton caused a package containing tadalafil to be shipped from an address in Mandeville, Louisiana to an address in Wilton Manors, Florida.[19]

Pursuant to 18 U.S.C. § 371, it is unlawful for "two or more persons either to commit any offense against the United States, or to defraud the United States, or any

---

[14] R. Doc. No. 1, at 9–10.
[15] *Id.* at 10.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*

5

agency thereof in any manner or for any purpose, and one or more of such persons [to] do any act to effect the object of the conspiracy."

Section 371 "punishes two distinct types of conspiracies: those 'to commit any offense against the United States' and those 'to defraud the United States.'" *United States v. Loney*, 959 F.2d 1332, 1338 (5th Cir. 1992) (citing *United States v. Haga,* 821 F.2d 1036, 1039 (5th Cir. 1987)). "The 'offense' clause criminalizes those conspiracies that contemplate the commission of an offense that is made illegal by federal law." *Id.* at 1340. A defendant may be convicted under the "offense" clause of § 371 where the United States was not the target of the conspiracy. *Id.*; *see United States v. Coleman*, 609 F.3d 699, 704 (5th Cir. 2010) ("[Section] 371 requires that the Government prove as an element that the conspiracy was targeted at a specific offense or 'unlawful objective.'"); *see also United States v. Ellis*, 121 F.3d 908, 913 (4th Cir. 1997) ("We . . . conclude, consistent with other circuits, that a conspiracy to commit 'any offense against the United States' under the first clause of § 371 extends generally to cover any offense made illegal by federal law.") (collecting cases).

To convict a defendant of conspiracy under 18 U.S.C. § 371, the government must prove: "(1) an agreement between two or more persons to pursue an unlawful objective; (2) the defendant's knowledge of the unlawful objective and voluntary agreement to join the conspiracy; and (3) an overt act by one or more of the members of the conspiracy in furtherance of the objective of the conspiracy."[20] *United States v.*

---

[20] The Fifth Circuit "ha[s] consistently held that a conspiracy charge does not have to 'spell out the elements of the substantive offense the accused conspired to commit.'"

6

*Tinghui Xie*, 942 F.3d 228, 240 (5th Cir. 2019) (quoting *Coleman*, 609 F.3d at 704). "An agreement may be inferred from concert of action, voluntary participation may be inferred from a collection of circumstances, and knowledge may be inferred from surrounding circumstances." *Id.* (quoting *United States v. Grant*, 683 F.3d 639, 643 (5th Cir. 2012)).

*ii.*

Barton is charged under the offense clause of 18 U.S.C. § 371, which does not require an allegation that the United States is the "victim" of Barton's alleged conspiracy. *See Loney*, 959 F.2d at 1338. The substantive offenses contemplated by the conspiracy charged in count two are violations of the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 331(a), 331(k), and 333(a)(2).[21] Count two also lists four overt acts allegedly committed by Barton in furtherance of the conspiracy and to further the objects of the conspiracy.[22]

Taking the allegations in the indictment as true, count two sufficiently states an offense under 18 U.S.C. § 371. It contains the essential elements that the government must prove under § 371 as charged, describing them with particularity, and it lists four overt acts allegedly committed in furtherance of the conspiracy, providing approximate dates and details for each act.[23] The specificity of the allegations in count two would protect Barton against a subsequent prosecution for

---

*United States v. Bragg*, 980 F.2d 1443 (5th Cir. 1992) (quoting *United States v. Graves*, 669 F.2d 964, 968 (5th Cir. 1992)).
[21] R. Doc. No. 1, at 9–10.
[22] *See id.*
[23] *See id.* at 9–10.

7

the same offense. Because count two of the indictment is facially valid, Barton's challenge to count two is denied.[24]

## B. Counts Six and Seven

Counts six and seven of the indictment charge Barton with misbranding of prescription drugs, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2), and 18 U.S.C. § 2.[25] Count six alleges that on or about February 15, 2017, Barton and others, with the intent to mislead, dispensed prescription drugs, to wit, tadalafil and sildenafil, without the valid prescription of a practitioner licensed by law to prescribe such drugs, which caused the drugs to become misbranded while held for sale, after the

---

[24] Although it is unclear from her motion, Barton appears to argue that the evidence may be insufficient to demonstrate that Barton and E.B. acted "with the intent to defraud or mislead." *See* R. Doc. No. 79-1, at 7, 10. Under 21 U.S.C. § 333(a), any person who violates § 331 faces a maximum term of imprisonment of one year or a maximum fine of $1,000, or both—unless the violation was committed "with the intent to defraud or mislead," which increases the maximum term of imprisonment to three years and the maximum fine to $10,000. *See* 21 U.S.C. § 333(a)(2). Barton's argument with respect to the sufficiency of the evidence is inapposite here, "[s]ince the evidence in question has no bearing on the facial validity of the indictment." *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975).
[25] *See* R. Doc. No. 1, at 12.

Under 18 U.S.C. § 2:

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

"The crime of aiding and abetting occurs when the defendant associates with a criminal venture, purposefully participates in it, and seeks by his actions to make it succeed." *United States v. Scott*, 892 F.3d 791, 798 (5th Cir. 2018) (quoting *United States v. Salazar*, 958 F.2d 1285, 1292 (5th Cir. 1992)).

8

drugs had been shipped in interstate commerce.[26] Count seven alleges that on or about April 20, 2017, Barton and others, with the intent to mislead, caused the introduction into interstate commerce, from Louisiana to Florida, a drug, to wit, tadalafil, that was misbranded.[27]

*i.*

The FDCA prohibits, in pertinent part, the introduction or delivery for introduction into interstate commerce of any drug that is misbranded. 21 U.S.C. § 331(a). A drug may be misbranded in multiple ways. Under 21 U.S.C. § 352(a)(1), a drug is misbranded if its labeling is "false or misleading." A drug may also be misbranded if it does not meet the labeling requirements of the FDCA, which include "(1) adequate directions for use; and (2) such adequate warnings against use in those pathological conditions or by children where its use may be dangerous to health, or against unsafe dosage or methods or duration of administration or application, in such manner and form, as are necessary for the protection of users."[28] 21 U.S.C. § 352(f).

Pursuant to 21 U.S.C. § 353(b)(1), dispensing prescription drugs that may not be dispensed without a valid prescription of a practitioner licensed by law to administer such drugs constitutes an act that "results in the drug being misbranded

---

[26] R. Doc. No. 1, at 12.
[27] *Id.*
[28] "Adequate directions for use means directions under which the layman can use a drug safely and for the purposes for which it is intended." 21 C.F.R. § 201.5. This definition has been applied in criminal cases in which the defendant was charged with violations of the FDCA. *See, e.g., United States v. Evers,* 643 F.2d 1043, 1050–51 (5th Cir. 1981); *United States v. Patwardhan,* 422 F. App'x 614, 616 (9th Cir. 2011).

while held for sale."[29] A prescription drug is also misbranded "if at any time prior to dispensing the label of the drug fails to bear, at a minimum, the symbol 'Rx only.'" 21 U.S.C. § 353(b)(4)(A).

*ii.*

Again, taking the allegations in the indictment as true, the indictment sufficiently alleges violations of 21 U.S.C. §§ 331(a) and 333(a)(2) as charged in counts six and seven. Counts six and seven contain the essential elements of the offenses and allege them with sufficient particularity. The indictment describes the ways in which the drugs were allegedly misbranded, and counts six and seven provide the dates of the alleged offenses as well as the drugs that were allegedly misbranded.[30] The specificity of the allegations as to counts six and seven would protect Barton against a subsequent prosecution for the same offenses.

---

[29] A prescription drug is "a drug intended for use by man" that, "because of its toxicity or other potentiality for harmful effect, or the method of its use, or the collateral measures necessary to its use, is not safe for use except under the supervision of a practitioner licensed by law to administer such drug," or "is limited by an approved application under [21 U.S.C. § 355] to use under the professional supervision of a practitioner licensed by law to administer such drug." 21 U.S.C. 353(b)(1). A drug is defined as "(A) articles recognized in the official United States Pharmacopœia, official Homœopathic Pharmacopœia of the United States, or official National Formulary, or any supplement to any of them; and (B) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; and (C) articles (other than food) intended to affect the structure or any function of the body of man or other animals; and (D) articles intended for use as a component of any article specified in clause (A), (B), or (C)." 21 U.S.C. § 321(g)(1).

[30] *See id.* at 6, 12. As stated previously, the indictment also alleges that neither Barton nor E.B. were practitioners licensed by law to administer prescription drugs, yet they nevertheless dispensed and sold prescription drugs without prescriptions and legally-compliant labels. *See id.* at 6.

Barton's argument that counts six and seven are constitutionally insufficient because they do not allege that the United States was the "victim" of the offense or the "victim of a fraud" is misplaced.[31] Counts six and seven do not charge a conspiracy under 18 U.S.C. § 371. Rather, counts six and seven charge Barton with misbranding of prescription drugs under 21 U.S.C. §§ 331(a) and 333(a)(2). Barton has not identified any supposed deficiencies that would render counts six and seven constitutionally insufficient.[32] Because counts six and seven are facially valid, Barton's challenges to these counts are also denied.

### III.

For the foregoing reasons, the Court finds that counts two, six, and seven of the indictment against Barton conform to constitutional standards.

Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, April 20, 2020.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[31] *See* R. Doc. No. 79-1, at 9.

[32] As with count two, Barton's argument that the evidence may not demonstrate that Barton committed the offenses charged in counts six and seven "with the intent to defraud or mislead" is inapposite to determining the validity of the indictment—such a mental state affects only the length of a potential sentence, not whether the indictment sufficiently states an offense under 21 U.S.C. §§ 331(a) and 333(a)(2) *See Mann*, 517 F.2d at 267.