UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 19-161** |
| **NATALIE BARTON** | **SECTION I** |

**ORDER & REASONS**

Before the Court is defendant Natalie Barton's ("Barton") motion[1] to dismiss counts one, three, four, and five of the indictment[2] against her (the "DASCA Counts").[3] The government opposes the motion.[4] For the following reasons, the Court construes Barton's filing as a motion to reconsider the Court's earlier orders (1) denying her first motion to dismiss the DASCA counts and (2) denying her motion to reconsider that order, which it denies.

The Court will first address the nature of Barton's instant motion and then evaluate her current argument regarding the constitutionality of DASCA, as applied to her.

## I. Barton's Motion

---

[1] R. Doc. No. 158.
[2] R. Doc. No. 1.
[3] The Court is familiar with the voluminous record in this case, which is summarized in relevant part in the instant motion and the government's response to same. *See* R. Doc. Nos. 158-1, at 1–2 & 165, at 1–4.

DASCA refers to the Designer Anabolic Steroid Control Act of 2014, which added numerous substances to the list of anabolic steroids. Barton's challenge relates to the "analogue provision," 21 U.S.C. § 802(41)(C)(i), described *infra*.

[4] R. Doc. No. 165.

Barton's memorandum offers a number of theories in support of dismissal of the DASCA counts.[5] However, the motion itself is described as a "motion to dismiss because DASCA is unconstitutionally vague under the 'arbitrary enforcement of a standardless law' test."[6] Separately, the motion seeks to "clarif[y] Ms. Barton's original vagueness arguments."[7]

Barton's reply[8] in support of the motion acknowledges that "[t]he primary purpose of the subject motion was to ensure proper preservation for purposes of appellate review of all the issues it and the prior motions identified[,]"[9] before stating that Barton will "acquiesce" to a summary denial if the government "take[s] the position that all such issues have already been ruled on by the Court and are therefore adequately preserved."[10] However, her reply goes on to argue, as addressed *infra*, that Barton's 'arbitrary enforcement of a standardless law' argument has not yet been raised.[11]

During a September 18, 2020 telephone conference, counsel for Barton reiterated her position that the 'arbitrary enforcement of standardless law' facial argument is new, relying primarily on the Court's statement in its denial of Barton's original motion[12] to dismiss that "she [has not] alleged that the government engaged

---

[5] *See* R. Doc. No. 158-1.
[6] R. Doc. No. 158, at 1.
[7] *Id.*
[8] R. Doc. No. 168.
[9] *Id.* at 1.
[10] *Id.* at 1–2.
[11] *Id.* at 2.
[12] R. Doc. No. 41.

2

in 'arbitrary enforcement' under a 'standardless law.'"[13] Barton's counsel also highlighted the instant motion's attack on the Court's conclusion that DASCA is not unconstitutionally vague as applied to Barton, arguing that the facts cited by the Court could not support its conclusion that Barton had adequate notice to assuage any notice-based concerns.

The Court concludes, that, while styled as a motion to dismiss, Barton truly seeks reconsideration of the above points. The Fifth Circuit construes a motion for reconsideration in a criminal case to be "any request . . . that a district court 'reconsider [a] question decided in the case' in order to effect an 'alteration of the rights adjudicated.'" *United States v. Greenwood*, 974 F.2d 1449, 1466 (5th Cir. 1992) (quoting *United States v. Ibarra*, 502 U.S. 1, 7 (1991)). Barton has raised her "arbitrary enforcement of a standardless law" concern previously. Barton is correct that the Court, in its order denying her first motion to dismiss the DASCA counts, noted that she had not made such an argument.[14] However, Barton's memorandum in support of her motion for reconsideration of that order, filed less than two weeks after the Court issued the opinion Barton quotes, says of DASCA: "Furthermore, no public posting or notice is ever required – only a private warning will do. This is at the very core of *an arbitrary and standardless system*."[15] And the Court has clearly rejected her arguments regarding the alleged lack of scientific consensus that form

---

[13] R. Doc. No. 51, at 10 (citing *Johnson v. United States*, 576 U.S. 591, 595 (2015)).
[14] *Id.*
[15] R. Doc. No. 52-1, at 2 (emphasis added).

3

the "standardless law" element of her argument.[16]  Other than the argument regarding vagueness as applied to Barton, discussed *infra*, Barton's motion does not present new information or highlight new circumstances material to the Court's determination.  *See United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) ("A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier.").  The Court sees no reason to revisit these issues.  *See United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (noting that motions for reconsideration should be granted only for compelling reasons).

Barton's second argument—that the Court based its decision[17] that DASCA is not unconstitutionally vague as applied to Barton for lack of notice in part on an incorrect understanding of the sequence of events in this case—is correct.  The Court understands Barton to be asking that the Court revisit that decision.  It will do so. *See United States v. Dieter*, 429 U.S. 6, 8 (1976) (indicating that the purpose of a motion to reconsider is to allow a court to correct its own error).

The government is correct that this Court has previously held that "[a] court may deny a motion for reconsideration if the moving party does not present any new information . . . or where the moving party fails to demonstrate that any evidence . .

---

[16] In her reply, Barton describes the "standardless" prong of her argument: "[T]he law is standardless not because experts could disagree but because of the multiplicity of standards used by experts and courts to reach a determination." R. Doc. No. 168, at 3.  Barton does not explain how this distinction addresses in a legally significant manner the Court's prior statement that "the alleged lack of scientific consensus [as to a means to determine] chemical structural similarity [does not] render[] the statue unconstitutionally vague." *See* R. Doc. No. 55, at 6.

[17] *See* R. Doc. No. 51, at 8.  The error is described in greater detail *infra*.

. was newly discovered or previously unavailable."[18]  However, in light of the Court's factual error with regards to the timeline of events in this case, discussed *infra*, the Court will address Barton's 'as applied' argument, as it understands it, on the merits. While Barton purports to be challenging the constitutionality of the indictment, she is in fact arguing that the government cannot prove facts sufficient to support a constitutional application of the statute.[19]  The Court cannot reach such a conclusion at this stage in the litigation.

## II.     Barton's 'As Applied' Argument

Under the void-for-vagueness doctrine, a criminal law is unconstitutionally vague if it "fails to give ordinary people fair notice of what is prohibited[.]"  *Johnson v. United States*, 576 U.S. 591, 595 (2015) (citing *Kolender v. Lawson*, 461 U.S. 352, 357–58 (1983)).  The Supreme Court has emphasized that courts, when responding to a vagueness challenge, should consider the "strong presumptive validity that attaches to an Act of Congress."  *See Skilling v. United States*, 561 U.S. 358, 403 (2010) (quoting *United States v. Nat'l Dairy Prod. Corp.*, 372 U.S. 29, 32 (1963)).

Barton's challenge relates to the analogue provision of DASCA,[20] which expanded the definition of an anabolic steroid by providing that drugs and hormonal substances not listed in 21 U.S.C. §§ 802(41)(A)(i)–(lxxv) which are "derived from, or

---

[18] R. Doc. No. 165, at 9 (quoting R. Doc. No. 55; *United States v. Stanford*, 367 F. App'x 507, 509 (5th Cir. 2010) (internal quotation marks omitted)).
[19] R. Doc. No. 158-1, at 6 ("[C]onsidering the prosecution's purported proof of Ms. Barton's knowledge in the context of an accurate timeline, the prosecution's evidence does not establish knowledge at the critical time to withstand this challenge.").
[20] The Court is familiar with DASCA and the statutes it modified.  *See* R. Doc. No. 51, at 2–3, for more discussion.

ha[ve] a chemical structure *substantially similar* to, 1 or more anabolic steroids listed [] shall be considered to be an anabolic steroid" if:

> (I) the drug or substance has been created or manufactured with the intent of producing a drug or other substance that either—
>
>> (aa) promotes muscle growth; or
>>
>> (bb) otherwise causes a pharmacological effect similar to that of testosterone; or
>
> (II) the drug or substance has been, or is intended to be, marketed or otherwise promoted in any manner suggesting that consuming it will promote muscle growth or any other pharmacological effect similar to that of testosterone.

21 U.S.C. § 802(41)(C)(i) (emphasis added).[21]

The Court previously found that "DASCA is not unconstitutionally vague [for lack of notice] as applied to Barton, as evidence in the record indicates that she knew that the substances she possessed and distributed were anabolic steroids, and that she knew she was engaging in illegal conduct."[22] To justify this finding, the Court noted that, among other things: "the sales [of drugs] persisted[,]" "despite the government's warning to Barton and [her husband] that it considered their drug sale activities to be unlawful[.]"[23] Barton's counsel argues correctly (and the government concedes) that this warning by the government cannot possibly assuage Barton's

---

[21] The Court has already rejected Barton's facial challenges to this analogue provision focused on the alleged lack of notice it offers, drawing on case law rejecting similar challenges to the Analogue Act, a similar provision addressing analogues of substances controlled by the Controlled Substances Act. *See* R. Doc. No. 51, at 5–9.
[22] R. Doc. No. 51, at 8.
[23] *Id.* at 9. In a footnote, the Court made clear it was referencing a meeting subsequent to the government's June 21, 2016 search of Barton's "home and warehouse[.]" *Id.* at 9 n.13.

6

concerns about a lack of notice because it occurred *after* the conduct complained of in the DASCA counts.[24] The Court's previous reliance[25] on this warning to reach its conclusion was, therefore, erroneous.

Consequently, if the government's warning to Barton was the only event that gave Barton notice her conduct was unlawful, the Court's decision might well have been incorrect. However, that does not appear to be the case. The government has indicated that it "intends to present evidence that *prior to the target meeting with the government*, defendant had knowledge that her conduct was illegal, including concealment of her activities, evasive behavior with respect to law enforcement, and knowledge that a particular substance produces an effect similar to that produced by controlled substances."[26] While the Court notes that the issue is not Barton's knowledge "prior to the target meeting" but rather at the time of the alleged illegal conduct, such evidence, if introduced at trial, might well be adequate to support a constitutional conviction of Barton under DASCA.[27]

A court confronted with an as-applied vagueness challenge outside of the First Amendment context must review "the particular facts at issue." *Holder v.*

---

[24] *See* R. Doc. No. 1, at 8–11. Counts 3 through 5 relate to specific instances of illegal distribution alleged to have occurred in December of 2014 and March of 2015. Count 1 charges Conspiracy to Distribute and Possess with the Intent to Distribute and relates to conduct beginning in December 2014 and continuing to August 2019. Thus, it is conceivable that the government's warning supports the Court's finding with respect to the later portion of the alleged conspiracy time frame.
[25] R. Doc. No. 51, at 8.
[26] R. Doc. No. 165, at 13 (internal quotations and citations omitted).
[27] *See* R. Doc. 51, at 5–11 (applying caselaw finding that the Analogue Act—a provision of the Controlled Substances Act similar to the relevant DASCA provision—is not unconstitutionally vague for lack of notice).

7

*Humanitarian Law Project*, 561 U.S. 1, 18–19 (2010).  The *Holder* court explained that this is vital to ensuring compliance with the rule that a "plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to others." *Id.* at 19 (quoting *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982)).  The *Holder* Court criticized the Ninth Circuit for relying on the government's statement that the relevant statute "would bar filing an amicus brief in support of a foreign terrorist organization—which plaintiffs have not told us they wish to do, and which the Ninth Circuit did not say plaintiffs wished to do . . . to conclude that the statute" was vague.  *Id.* at 19.  By considering "the statute's application to facts not before it[,]" *Holder* explained, the Ninth Circuit had engaged in improper facial analysis.  *Id.*

In the instant motion, Barton has not alleged that "she did not know the identity of the substances she sold . . . or that she was unaware her late husband chemically modified specific anabolic steroids listed on the federal schedules." Instead, she argues that she "need not allege that she did not know the identity of the substances she sold with her late husband or that she was unaware that her late husband chemically modified specific anabolic steroids listed on the federal schedules."[28]  This is so, Barton explains, because "[t]he prosecution has the burden of proof."[29]   "[C]onsidering the prosecution's purported proof of Ms. Barton's

---

[28] R. Doc. No. 158-1, at 6.
[29] *Id.*

8

knowledge in the context of an accurate timeline, the prosecution's evidence does not establish knowledge" and therefore cannot "withstand this challenge[.]"[30]

The government, of course, has the burden of proof with regards to its case—it must prove the elements of the crime beyond a reasonable doubt. *See* U.S. CONST. amend. XIV. And it is axiomatic that Barton need not make an affirmative showing of her innocence to avoid being found guilty. But the government is not required to prove an element of the crime beyond a reasonable doubt *before trial* in order to withstand an as-applied challenge to the constitutionality of the statute it employs. And Barton cannot argue that the statute provided her inadequate notice without alleging that she, in fact, had inadequate notice.

Barton's argument appears to be that (1) the facts as to her understanding of the nature of her conduct are not what the government says they are; (2) the actual facts (as opposed to what the government claims it can prove) render any conviction under DASCA unconstitutional for lack of notice; and (3) she need not allege the lack of notice that she claims renders the statute unconstitutional.[31] Any ruling the Court reached as to this argument would necessarily turn on a hypothetical set of facts not in the record. Such a ruling would run counter to *Holder* and common sense.

### III.

Barton's motion, while styled as a motion to dismiss certain counts of the indictment is, in fact, nothing more than a re-working and 'clarification' of arguments

---

[30] *Id.*
[31] *See id.* at 4–6.

the Court has already addressed. And while Barton is correct that the Court relied on an erroneous understanding of the facts in concluding that DASCA is *necessarily* constitutional as applied to her, she offers the Court no grounds on which to decide, at this stage, that its application would be *unconstitutional*.

Accordingly,

**IT IS ORDERED** that the motion for reconsideration is **DENIED WITHOUT PREJUDICE** to Barton re-urging her argument that DASCA is unconstitutional as applied to her for lack of notice once facts are in the record sufficient for the Court to rule.

New Orleans, Louisiana, October 14, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**