

**U.S. Department of Justice**

United States Attorney

Eastern District of Louisiana

---

*Jonathan L. Shih*  
*Assistant United States Attorney*

*The Poydras Center*  
*650 Poydras Street, Suite 1600*  
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3073*  
*Fax: 504-589-4014*

November 17, 2020

Honorable Lance M. Africk  
United States District Judge  
Eastern District of Louisiana  
500 Poydras Street  
New Orleans, Louisiana 70130

      Re:    United States v. Natalie Barton  
              Criminal Docket No. 19-161 "I"

Dear Judge Africk:

In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Natalie Barton, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Sara A. Johnson, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

The Government has agreed that should the Court accept the defendant's plea of guilty to Count 1 of the Superseding Bill of Information, in which she is charged with misbranding of prescription drugs, in violation of Title 21, United States Code, Section 331(k), 333(a)(2) and Title 18, United States Code, Section 2, the Government will request the Court to dismiss the Indictment at the time of sentencing. However, the defendant understands that the Court is not bound to dismiss any count. The Government also agrees that it will not bring any other charges in the Eastern District of Louisiana arising from defendant's violations of the Federal Controlled Substances Act or the Food Drug and Cosmetic Act prior to August 22, 2019 as long as the defendant has truthfully informed law enforcement officials of the full and complete details of those crimes prior to her guilty plea in this case. The defendant understands that this does not apply to crimes of violence that the defendant may have committed.

The defendant further understands that the maximum penalty defendant may receive should her plea of guilty to Count 1 of the Superseding Bill of Information be accepted is 3 years imprisonment and/or a fine of $10,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

Page 1 of 4

AUSA *JLS*  
Defendant *NB*  
Defense Counsel *SAJ*

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The defendant further acknowledges and understands that, notwithstanding any payment schedule imposed at sentencing or during probation or supervised release, restitution is due and payable in full immediately upon entry of the judgment of conviction.

Further, the defendant understands that a mandatory special assessment fee of $100.00 per count shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant understands that the Court, in imposing a sentence of a term of imprisonment on Count 1 of the Superseding Bill of Information, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to 1 year pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal her conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that she may have the right to file collateral challenges to her conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of *coram nobis* and *audita querela*. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

    a.    Waives and gives up any right to appeal or contest her guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of her sentence, including but not limited to any and

AUSA
Defendant
Defense Counsel

all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

  b. Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which her sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

  c. Waives and gives up any right to challenge her sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of *coram nobis* and *audita querela*, and any other collateral challenges to her sentence of any kind; and

  d. The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

  The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

  In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive her rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws her decision to plead guilty, her guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

  The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice(s) of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion


AUSA *[initials]*
Defendant *[initials]*
Defense Counsel *[initials]*

for a preliminary order forfeiting such property and any dollar amount specified in the notice(s) of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge(s) of conviction. The defendant hereby withdraws any petition for remission or claim for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal, or collateral attack.

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets currently or previously within defendant's possession. It is also understood that defendant will provide any and all financial information and documentation requested by the government, agrees to voluntarily execute a complete and thorough Financial Statement of Debtor, and further agrees to provide the requested List of Items that is attached to the Financial Statement. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of her conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to her inclusion in the Treasury Offset Program.

The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment "A") represents defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

PETER G. STRASSER
UNITED STATES ATTORNEY

_____  11/17/20
Jonathan L. Shih           Date
Inga Petrovich
Assistant United States Attorneys

_____  11/17/2020
Sara A. Johnson            Date
Arthur A. Lemann, III
Attorneys for Natalie Barton

_____  11/16/20
Natalie Barton             Date
Defendant