UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| v. | NO.: 19-CR-161 |
| **NATALIE BARTON** | **JUDGE LANCE AFRICK** |

**NATALIE BARTON'S MEMORANDUM REGARDING THE SUPPLEMENTAL ADDENDUM TO THE PRESENTENCE REPORT**

In response to the Court's order (Doc. 211) Ms. Barton submits this memorandum regarding Probation's supplemental addendum to the presentence report (Doc. 207). The supplemental addendum is correct so far as it goes, which is to say it acknowledges Ms. Barton's first three objections to the original final report. Failing to sustain those objections would result in a sentence beyond what is required under Section 3553(a), but would also jeopardize the constitutionality of any sentence, given the significant unresolved constitutional questions concerning DASCA's application to this case. Avoidance of those constitutional difficulties was a primary motivation for the parties to reach the plea agreement they did; to allow the erroneous original presentence report to stand would needlessly inject them back into this matter.

The supplemental addendum's recalculation of the Guidelines range is correct in the sense it removes unnecessary and potentially unlawful considerations from the process. But Ms. Barton maintains that no cross references apply and that the appropriate guideline is § 2N2.1.

Appendix A to the Sentencing Guidelines refers a conviction under 21 U.S.C. § 331 to Guideline § 2N2.1 and a conviction under 21 U.S.C. § 333(a)(2) to Guideline §§ 2B1.1 or 2N2.1. The introduction to Appendix A instructs that when "more than one guideline is referenced for the particular statute, use the guideline most appropriate for the offense conduct charged in the count of which the defendant was convicted." *See also* USSG § 1B1.2(a) ("Refer to the Statutory Index

(Appendix A) to determine the Chapter Two offense guideline, referenced in the Statutory Index for the offense of conviction."). The supplemental addendum to the PSR incorrectly selects § 2B1.1 "because it results in the greatest offense level." *See* Doc. 207. The guideline analysis, however, must begin at § 2N2.1.

Beginning at § 2N2.1, a cross reference to § 2B1.1 is permitted "if the offense involved fraud." USSG § 2N2.1(c)(1). The words "fraud" or "fraudulent" do not appear in the Superseding Information (Doc. 192) or in the Factual Basis (Doc. 194). The lack of fraudulent conducts suggests that § 2B1.1 is not the "most appropriate for the offense conduct charged in the count of which the defendant was convicted." *See* USSG, App. A. At best, the charges (to which Ms. Barton fully accepts responsibility) include "false statements." A false statement is the *sine qua non* of misbranding. If a false statement is interpreted as fraud, all misbranding cases would be calculated under § 2B1.1, rendering the cross reference at § 2N2.1 superfluous. Canons of statutory construction counsel against such a reading.

Courts should "give effect, if possible, to every clause and word of a statute," *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (*quoting United States v. Menasche*, 348 U.S. 528, 538-39 (1955)) (internal quotation marks omitted), so that "no clause is rendered 'superfluous, void, or insignificant,'" *Young v. UPS*, 135 S. Ct. 1338, 1352 (2015) (*quoting TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001)) (internal quotation mark omitted). See also William N. Eskridge, Jr., Phillip P. Frickey, Elizabeth Garrett, & James J. Brudney, *Cases and Materials on Legislation and Regulation: Statutes and the Creation of Public Policy* at 1197 (5th ed. 2014) ("Presumption against redundancy: avoid interpreting a provision in a way that would render other provisions of the statute superfluous or unnecessary."); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* at 174 (2012) ("If possible, every word and every provision is to be

given effect (*verba cum effectu sunt accipienda*). None should be ignored. None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence.").

Ms. Barton maintains that the correct base offense level is 6 based on § 2N2.1(a).

Respectfully submitted,

/s/ Sara A. Johnson
Sara A. Johnson
700 Camp Street
New Orleans, LA 70130
(504) 528-9500
sara@sarajohnsonlaw.com

## CERTIFICATE OF SERVICE

This certifies that I electronically filed this pleading using CM/ECF that will automatically send a copy to all counsel of record. I have also emailed a copy of this pleading to U.S. Probation Officer, Shalita Morgan.

March 26, 2021

/s/Sara A. Johnson
Sara A. Johnson