**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                              **CRIMINAL ACTION**

**VERSUS**                                                                    **No. 19-161**

**NATALIE BARTON**                                                    **SECTION I**

## ORDER & REASONS

Before the Court is *pro se* defendant Natalie Barton's ("Barton") motion[1] for early termination of supervised release. The government opposes the motion, as does the U.S. Probation Officer assigned to Barton.[2] The Court concludes that early termination of Barton's term of supervised release is inappropriate at this time.

Title 18, United States Code, Section 3583(e) "'authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a), 'it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *United States v. Pipkins*, No. 11-70, 2021 WL 3048354, at *1 (E.D. La. July 20, 2021) (Africk, J.) (quoting *United States v. Allen*, No. 09-77, 2021 WL 1110973, at *1 (E.D. Tex. Mar. 23, 2021) (further citations omitted)). "'District courts enjoy considerable discretion in determining when the interests of justice warrant early termination, and courts have consistently declined to grant such relief just because the defendant has complied with his conditions.'" *Id.*

---

[1] R. Doc. No. 224.
[2] R. Doc. No. 226, at 5.

Barton was sentenced on April 7, 2021 to a 60-month term of supervised release[3]—a significant downward departure from the guideline range of 36 months of incarceration and 12 months of supervised release.[4] As of this date, Barton has been under supervision for slightly more than 25 months, less than half of her sentence. Further, as the government notes in its opposition, the U.S. Probation Officer assigned to Barton's case "indicated that despite the defendant's representation to the Court, he is *not* recommending [Barton] for early termination of her probation."[5] While Barton's U.S. Probation Officer acknowledges that Barton has not had any reported infractions, has completed one random drug test, and has paid the mandatory assessment fee of $100, Barton has not completed the remaining conditions of supervision, including mental health and substance abuse treatment and additional random drug tests.[6]

In arriving at Barton's sentence, the Court considered the applicable 18 U.S.C. § 3553 factors,[7] including the need for Barton's sentence to: "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; "to protect the public from further crimes of the defendant"; and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(A)–(D). The Court finds that

---

[3] R. Doc. No. 218, at 2.
[4] R. Doc. No. 203, at 1.
[5] R. Doc. No. 226, at 5 (emphasis in original).
[6] *Id.*
[7] R. Doc. No. 220, at 3.

terminating Barton's already lenient sentence at this time would not serve those needs and would not be in the interest of justice. 18 U.S.C. § 3583(e). Accordingly,

**IT IS ORDERED** that Barton's motion for early termination of her term of supervised release is **DENIED**.

New Orleans, Louisiana, May 11, 2023.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

3