UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                               CRIMINAL ACTION

VERSUS                                                          No. 19-161

NATALIE BARTON                                                  SECTION I

ORDER AND REASONS

Before the Court is a *pro se* motion[1] by defendant Natalie Barton ("defendant") for the early termination of probation. The government opposes the motion,[2] and the assigned U.S. Probation Officer takes no position.[3] For the following reasons, the Court denies the motion.

On November 18, 2020, defendant pleaded guilty to count one of a superseding Bill of Information.[4] Count one charged defendant with misbranding of prescription drugs, in violation of 21 U.S.C. §§ 331(k), 333(a)(2), and 18 U.S.C. § 2.[5] After ruling on various objections to the presentence investigation report, the Court calculated defendant's guideline range as 18 to 24 months of imprisonment.[6] The statutory maximum term of imprisonment for defendant's violation was three years. *See* 21 U.S.C. § 333(a)(2). On April 7, 2021, the Court sentenced defendant to 60 months of probation.[7]

---

[1] R. Doc. No. 230.
[2] R. Doc. No. 236.
[3] *Id.* at 2.
[4] R. Doc. No. 193.
[5] R. Doc. No. 192.
[6] R. Doc. No. 217, at 16.
[7] R. Doc. No. 218.

Defendant previously filed a *pro se* motion for early termination for probation.[8] Both the government and the assigned U.S. Probation Officer opposed that motion.[9] While the probation officer acknowledged that defendant was complying with the terms of her probation, defendant had not, at the time of filing her motion, completed other conditions of her probation, including mental health and substance abuse treatment and additional random drug tests.[10] The Court denied defendant's motion, explaining that terminating defendant's "already lenient sentence" at that time would not have served the needs prescribed in 18 U.S.C. § 3553(a)(2)(A)–(D) and would not have been in the interest of justice.[11]

In the instant motion, defendant states that she has completed the conditions of her probation that were outstanding at the time of the filing of her previous motion.[12] She also relates that she is employed as a sitter for her disabled and highly autistic nephew.[13] In its response, the government acknowledges that, according to the assigned U.S. Probation Officer, defendant's representations to the Court are accurate.[14] While the government "commends [defendant] for her compliance and lack of infractions," the government opposes defendant's motion because of her criminal history and the fact that she committed the offense here while under state

---

[8] R. Doc. No. 224.
[9] R. Doc. No. 226, at 5.
[10] *Id.*
[11] R. Doc. No. 229, at 3.
[12] R. Doc. No. 230, at 1.
[13] *Id.*
[14] R. Doc. No. 236, at 2.

supervision.[15] For those reasons, the government contends that early termination of probation would be not be "appropriate" in light of the factors prescribed in 18 U.S.C. § 3553(a).[16]

Pursuant to 18 U.S.C. § 3564(c), a district court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of probation "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." "The decision whether to grant a motion for early termination of a term of probation is a matter of sentencing court discretion." *United States v. Tillery*, No. 19-cr-101, 2024 WL 4369220, at *2 (E.D. Tex. Sept. 30, 2024). "Courts have generally held that something more than compliance with the terms of probation is required to justify early termination; early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *United State v. Reed*, No. 15-cr-100, 2020 WL 4530582, at *2 (E.D. La. June 5, 2020) (Fallon, J.) (internal citation omitted). Mere compliance with the conditions of probation does not constitute exceptionally good behavior because such behavior is required by law. *See Tillery*, 2024 WL 4369220, at *2.

Upon consideration of the motion, the government's opposition, and the record in light of the applicable law, the Court concludes that early termination of defendant's probation is inappropriate at this time. While the Court acknowledges defendant's compliance with the conditions of her probation, such compliance does

---

[15] *Id.* at 3.
[16] *Id.*

3

not constitute a changed circumstance warranting an early termination of probation. *See id.*; *Reed*, 2020 WL 4530582, at *2 ("Proof of compliance with the terms of supervised release does not equate to 'exceptionally good' behavior and does not, by itself, justify early termination.").

Further, granting defendant early termination of probation at this time would be inconsistent with the need "to reflect the seriousness of the offense," "to promote respect for the law," "to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." § 3553(a)(2). The recommended guideline range for defendant was 18 to 24 months of imprisonment, and yet defendant was sentenced to 60 months of probation. Terminating an already lenient sentence at this time would run counter to those aforementioned needs and would therefore be inappropriate in light of the § 3553(a) factors. For the foregoing reasons,

**IT IS ORDERED** that defendant's motion for early termination of probation is **DENIED WITHOUT PREJUDICE**.

New Orleans, Louisiana, April 30, 2025.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**